UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
 )  Bankruptcy Case No. 05-53045-MER
KEVAN DREW NORTHUP )
SSN: XXX-XX-8963 )  Chapter 11
and )
REBEKAH CAROL NORTHUP )
SSN: XXX-XX-1904 )
 )
   Debtors. )

## ORDER CONFIRMING FOURTH AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED MARCH 18, 2008

The Debtors' Fourth Amended Chapter 11 Plan of Reorganization dated March 18, 2008 ("Plan") under Chapter 11 of the Bankruptcy Code filed by the Debtor, having been transmitted to creditors, which Plan was sent out on notice to creditors and parties in interest, and the Court having reviewed the file and having heard counsel's offer of proof in support of the Plan, finds and Orders as follows:

1. That the Debtors have complied with all applicable provisions of Chapter 11 of the Bankruptcy Code, the Plan meets the requirements of Sections 1122 and 1123 of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtors' post-confirmation activities are disclosed in the Disclosure Statement along with their relationships to the Debtors.

4. That there exists no governmental regulatory commission having jurisdiction over the Debtors on setting rates and fees.

5. That each holder of a claim or interest has either accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Code.

6. That all payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

7. That all attorneys' fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

8. That the Plan has been accepted or rejected by the classes of creditors and interest holders as set forth in the Debtors' Summary of Voting Results, as follows:

   a. Class 1 consists of the allowed secured claims of Ameriquest Mortgage Company. Class 1 has not voted to accept or reject the Plan, and is deemed to have accepted the Plan. Class 1 is unimpaired and is conclusively presumed to have accepted the Plan. 11 U.S.C. § 1126(f). In re Ruti-Sweetwater, 836 F.2d 1263, (10th Cir. 1988).

   b. Class 2 consists of the allowed secured claims of Bellco Credit Union. Class 2 is impaired and has voted to accept the Plan.

   c. Class 3 consists of the allowed secured claim of Gateway Credit Union, now known as Westerra Credit Union. Class 3 is impaired and has voted to accept the Plan.

   d. Class 4 consists of the allowed secured claim of WFS Financial. Class 4 has not voted to accept or reject the Plan, and is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263, (10th Cir. 1988).

   e. Class 5 consists of the allowed secured claim of KeyBank. Class 5 has not voted to accept or reject the Plan, and is deemed to have accepted the Plan. In re Ruti-Sweetwater, 836 F.2d 1263, (10th Cir. 1988).

   f. Class 6 consists of the allowed secured claim of John Deere Company, Inc. Class 6 is impaired and has voted to accept the Plan.

   g. Class 7 consists of the allowed claims held by unsecured creditors who hold claims against the Debtor. Class 7 has voted to accept the Plan.

9. That on the effective date of the Plan, all property of the estate will vest in the Debtors free and clear of all liens and claims, except as otherwise provided in the Plan.

10. That as there were no objections to the length of the Debtors' Plan filed by any unsecured creditor pursuant to 11 U.S.C. §1129(a)(15), the repayment term of the Plan as specified therein meets the requirements of the Bankruptcy Code.

11. That upon completion of the payments due under the Plan, the Debtors shall be discharged from their debts pursuant to the Plan and 11 U.S.C. §1141(d)(5)(A).

12. That the Settlement Agreements contemplated by the Plan between the Debtors, Beverly Wood and Westerra Credit Union are HEREBY APPROVED and made Orders of the Court.

13. That the discharge granted herein, (a) avoids any judgment at any time obtained to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt discharged under 11 U.S.C. Section 1141, whether or not discharge of such debt is waived; and (b) operates as an injunction against the commencement or continuation of any action, the employment of process or any act to collect, recover or offset such debt as a personal liability of the Debtor or from property of the Debtor, whether or not discharge of such a debt has been waived, pending completion of the distributions provided for under the Plan and subject to the terms of the Plan; it is hereby

ORDERED

That the Chapter 11 Plan of Reorganization dated March 18, 2008 as filed by the Debtors, is hereby CONFIRMED.

DONE and entered this 9th day of May, 2008 at Denver, Colorado.

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge